h KIRBY, J.,
Dissents.
While I fully agree with the views expressed by Judge Love, I write separately to point out what I believe is a flaw in the reasoning of the majority.
The majority cites La. C.C.P. art. 852 for the proposition • that discovery “does not appear to be a pleading” under La. C.C.P. art. 1313. This is certainly consistent with our prior jurisprudence. Zatzkis v. Zatzkis 632 So.2d 302, 305 (La.App. 4th Cir.1993). Yet, the result the majority reaches is obtainable under our law only by treating the discovery as a pleading.
La. C.C.P. art. 1237 provides that when an individual “is named in pleadings ” in more than one capacity, personal service on him is sufficient for all capacities. Here, Mr. James Goldsmith was sued both individually and as trustee of a trust. The interrogatories at issue were directed to him individually, but served upon the attorney representing him as trustee. Since the interrogatories are not “pleadings” under our procedural law I think it is error to impute service on the trustee’s attorney to the individual. If the legislature had wanted the result reached by the majority it would have made discovery requests “pleadings” under La. C.C.P. art. 852 so that service in one capacity constituted service in. all capacities. Also, it could have specifically provided that service of discovery requests to a | ¡>party in any capacity was sufficient for all capacities, as it has done in La. C.C.P. art. 1237 regarding pleadings.
Further, I believe the legislature intended for there to be a uniform rule identifying the discovery that would constitute a step that would defeat abandonment. We must remember that only certain discovery methods under our Code of Civil Procedure are required to be served on all parties. See, for example, articles 1430 and 1438 pertaining to oral depositions and article 1448 relative to depositions on written questions. Likewise, article 1464 requires a motion seeking an order for the physical or mental examination of a party to be served on all parties. However, interrogatories, such as we are dealing with here, need be served only on “the” party who is to answer them. La. C.C.P. art. 1457. A request for the production of documents and things or for the entry upon land need only be served upon “the” party from whom the production or entry is sought. La. C.C.P. arts. 1461 and 1462. Under article 1465.1 a party may serve “the plaintiff or any other party” whose medical records are relevant to the case with a request to release those records to the requesting party. Finally, La. C.C.P. art. 1466 allows a- party to serve “any other party” with a request for admissions.
It is clear to me that when the legislature provided in La. C.C.P. art. 561(B) that discovery served on all parties would defeat a claim of abandonment it wanted significant action in the whole case, not just some incidental activity between some of the parties. I therefore believe it was incumbent on the Plaintiff to serve its interrogatories upon Mr. James Goldsmith separately in all of his capacities in order for that discovery to have constituted a step in the prosecution and defeat the claim of abandonment.